# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| **CRESCENT ELECTRIC SUPPLY COMPANY,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **CENTRAL ELECTRIC OF SULLIVAN** ) <br> **INC., et al.,** ) <br> ) <br> **Defendants.** ) <br> ) <br> **CENTRAL ELECTRIC OF SULLIVAN** ) <br> **INC., et al.,** ) <br> ) <br> **Third-Party Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **TRAVELERS CASUALTY AND** ) <br> **SURETY COMPANY OF AMERICA,** ) <br> ) <br> **Third-Party Defendant.** ) | Case No. 11-3398-CV-S-RED |

## **ORDER**

Before the Court is Third-Party Defendant's Motion to Dismiss, or, in the alternative, Stay or Transfer Third-Party Complaint (Doc. 40).

Third-Party Defendant Travelers Casualty and Surety Company of America ("Travelers") argues that the claims asserted by Third-Party Plaintiff Central Electric of Sullivan, Inc., Westward Construction, Inc., Central Electric/Westward Construction and Hartford Fire Insurance Company (collectively the "Third-Party Plaintiffs") against it should be dismissed, stayed, or transferred pursuant to the "first-filed" rule. This rule prevents parties from proceeding with "a duplicative, second-filed lawsuit in another forum." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004

(8th Cir. 1993). Under the rule, the court wherein the original case was filed should be given priority to decide the case, absent compelling circumstances. *Id*. at 1005.

In support of its proposition that the Third-Party Plaintiffs' claims run afoul of the first-filed rule, Travelers argues that this Court originally transferred claims brought by Central Electric of Sullivan, Inc. ("Central") and Westward Construction, Inc. ("Westward") against Travelers to the Eastern District of Michigan, which is where the alleged original action for purposes of the first-filed rule is now pending. *See* (*Central Electric of Sullivan, Inc. v. The Lasalle Group, Inc.*, Case No. 10-3507-CV-S-RED, Order Doc. 38) (transferring and consolidating the case with *Central Electric of Sullivan, Inc./Westward Construction, Inc. v. The LaSalle Group, Inc.,* Case No. 2-11-CV-10997-MJH, in the United States District Court for the Eastern District of Michigan). Central and Westward are two of the third-party plaintiffs in this case, and Travelers is again joined as a defendant, and Travelers further argues that both cases concern the same subject matter. Specifically, both cases, as they relate to Travelers, concern Travelers as surety on behalf of LaSalle Group, Inc. ("LaSalle") issuing a payment bond for LaSalle for the construction project at Fort Leonard Wood Double Dining Facility Project ("Project"). In the case pending in the Eastern District of Michigan, Central and Westward are suing Travelers and LaSalle for LaSalle's failure to pay Central for the labor and materials furnished by Central on the Project. In this case, the Third-Party Plaintiffs are also suing Travelers for LaSalle's failure to pay the subcontractors and material suppliers, including Central and Westward. Based on LaSalle's alleged failure, the Third-Party Plaintiffs have asserted a claim for subrogation against Travelers to the extent the Third-Party Plaintiffs are found liable for failing to pay for materials supplied by Crescent Electric Supply Company ("Crescent"), the plaintiff in this action (Count I), and a claim for breach of a joint check agreement wherein LaSalle would pay for the labor and materials with three joint checks (Count II).

The Third-Party Plaintiffs' opposition to Travelers' Motion argues that in order for the first-filed rule to be applicable, the actions must be "parallel." The Third-Party Plaintiffs also argue that they did not file their principal action here in order to gain an advantage, making the doctrine inapplicable. However, the Third-Party Plaintiffs admit that there may be an overlap of damages and parties between the two actions and that Central could have brought its joint check agreement claim in the Eastern District of Michigan, but they maintain that the two actions are not parallel. Finally, the Third-Party Plaintiffs argue that Crescent likely cannot be made a party to the Michigan action.

The Court notes, that in the context of abstention, the Eighth Circuit has found parallel proceedings to involve "substantially the same parties litigat[ing] the same issues in different forums." *Continental Cas. Co. v. Advance Terrazzo & Tile Co., Inc.*, 462 F.3d 1002, 1005 (8th Cir. 2006). In this case, it is clear that many of the same parties are involved in both actions, with the only difference being that this action involves two additional parties, as Third-Party Plaintiffs, asserting the exact same claims as Central and Westward. It is also clear that the Third-Party Plaintiffs admit that Central could have asserted its joint check agreement for the labor and materials at the project in the Michigan action. Furthermore, it is also clear that Travelers is facing liability in both actions for the exact same reasons on the exact same project. The Court notes that Crescent has moved to dismiss its entire cause of action with prejudice and at its cost. *See* (Plaintiff Crescent Electric Supply Company's Dismissal of Its Cause of Action With Prejudice (Doc. 57)). Thus, in light of these facts and also for the sake of judicial economy, the Court sees no reason to permit Third-Party Plaintiffs to pursue claims against Travelers that may be pursued in the Eastern District of Michigan, where in fact the same issues are already proceeding against Travelers. As such, the Court finds that the claims set forth in the Third-Party Complaint should be transferred to the

Eastern District of Michigan and consolidated with *Central Electric of Sullivan, Inc./Westward Construction, Inc. v. The LaSalle Group, Inc.,* Case No. 2-11-CV-10997-MJH. *See Rural Media Group, Inc. v. Performance One Media, LLC*, 697 F. Supp. 2d 1097, 1103 (D. Neb. 2010) (noting that a district court has discretion to transfer a case under the first-filed rule).[1]

Thus, for the reasons above, the Court **GRANTS** the Third-Party Defendant's Motion to Dismiss, or, in the alternative, Stay or Transfer Third-Party Complaint (Doc. 40) and hereby **ORDERS** the Clerk of Court to transfer the claims set forth in the Third Party Complaint (Doc. 28) to *Central Electric of Sullivan, Inc./Westward Construction, Inc. v. The LaSalle Group, Inc.,* Case No. 2-11-CV-10997-MJH in the United States District Court in the Eastern District of Michigan. Furthermore, the Court **DENIES** the Third-Party Plaintiffs' Motion for Leave to file First Amended Third-Party Complaint (Doc. 53). Finally, the Court **GRANTS** Plaintiff Crescent Electric Supply Company's Dismissal of its Cause of Action With Prejudice (Doc. 57), **DISMISSES** Crescent's Action on a Payment Bond for a Public Project and for Other Relief (Doc. 1-1) **WITH PREJUDICE** and with Crescent to bear the costs of its action, and **DENIES AS MOOT** Central's Motion for Summary Judgment (Doc. 35) and Crescent's Motion for Summary Judgment (Doc. 44).

**IT IS SO ORDERED**.

DATED:       July 11, 2012                                  */s/ Richard E. Dorr*
                                                                    RICHARD E. DORR, JUDGE
                                                                    UNITED STATES DISTRICT COURT

---

[1] It is also worth noting that another basis for transfer arises under 28 U.S.C. § 1404(a) which requires the weighing of "case-specific factors," along with the convenience of the parties and witnesses and the interests of justice, in determining whether to transfer a case to another district court. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In this case, two out of the four third-party plaintiffs and the third-party defendant are already litigating these same issues in the Eastern District of Michigan, which the Court finds strongly weighs in favor of transferring this case, as does the need to avoid inconsistent results and preserve judicial economy.